JOHN B. WILSON *v.* JAMES E. BENTON

5-5745                                            476 S.W. 2d 214

Opinion delivered February 14, 1972

*Pearce, Robinson & McCord,* for appellant.

*Jones, Gilbreath & Jones,* for appellee.

LYLE BROWN, Justice. As a result of a two car collision appellant John B. Wilson sued appellee James E. Benton. Appellee counterclaimed against appellant. Appellee brought in Calvert-McBride Printing Company as a third party defendant, alleging appellant was at the time of the collision acting in the scope of employment with Calvert-McBride. The jury found appellant and appellee drivers equally negligent. Here is the single point relied upon for reversal:

> The court erred in providing the jury in addition to two general verdicts a special verdict form finding each party equally negligent and further erred in instructing the jury upon the effect that would be had by the jury returning the special verdict.

Before giving the jury the forms of verdicts the court gave this instruction which follows almost verbatim AMI 2104 (Civil) (1965):

> If you should find that Mr. Wilson was not guilty of negligence which was a proximate cause of the occurrence, then he is entitled to recover the full

amount of any damages you may find he sustained which were proximately caused by the negligence of Mr. Benton.

If you should find that Mr. Benton was not guilty of negligence which was a proximate cause of the occurrence, then he is entitled to recover the full amount of any damages you may find he has sustained which were proximately caused by Mr. Wilson.

If you should find that the occurrence was proximately caused by the negligence of both Mr. Wilson and Mr. Benton then you must compare the percentages of their negligence.

If the negligence of Mr. Wilson was of less degree than the negligence of Mr. Benton, then you should find for him on his complaint, and also for him on the cross-complaint of Mr. Benton. However, you must reduce the damages of Mr. Wilson in proportion to the degree of his own negligence.

If the negligence of Mr. Benton was of less degree than the negligence of Mr. Wilson, then you should find for Mr. Benton on his counterclaim and also for him on the complaint of Mr. Wilson. However, in that event, you must reduce the damages of Mr. Benton in proportion to the degree of his own negligence.

If you should find that Mr. Wilson and Mr. Benton were equally negligent or that neither was negligent, then neither can recover from the other and you should find against Mr. Wilson on his complaint and against Mr. Benton on his counterclaim.

As three forms of verdicts were submitted to the jury the court advised them:

And you are being given here for your deliberation without any suggestion on my part three forms of verdicts. You're familiar with these, one here is—

you would choose if you found for Mr. Wilson against Mr. Benton, written in here, "We, the jury find for Mr. Wilson on his complaint and assess his damages at $_____."

On the other hand if you find for Mr. Benton against Mr. Wilson and his employer, Calvert-McBride, then, "We, the jury find for Mr. Benton on his cross-complaint and assess his damages at $_____."

You've been instructed that if you find that both parties are equally negligent then neither of them can recover and so I have filled out another one here, "We, the jury find that both parties were equally negligent." That represents the three forms of verdicts that the jury could arrive at. . . .

Appellant made the following objection to the last form of verdict:

I also object to the third form of verdict which tells the jury—singles out to the jury that one type of verdict where they find that each side is fifty per cent negligent, that is effectively a comment on the evidence by the court, it is singling out one aspect of the case for extraordinary treatment and I particularly object to it in light of the court's having read it to the jury and explained to the jury that that's exactly what he had done and I object to that.

We find no error in the submission of the third form of verdict. In the first place that form is nothing more than a short form (and clearer) of this verdict:

We the jury find for the defendant on the complaint of the plaintiff; and we find for plaintiff on the counterclaim and cross-complaint of the defendant.

In the second place the third form of verdict and comment revealed no more information to the jury than it was told in the last paragraph of AMI 2104. There the court told them that neither party could recover if the parties were equally negligent.

Appellant relies on *Argo* v. *Blackshear,* 242 Ark. 817, 416 S. W. 2d 314 (1967). That case is not in point because it was submitted entirely on special interrogatories. There we held it was inappropriate for the court to tell the jury the ultimate effect of its answers to the submitted questions.

Appellant contends that the first two forms of verdicts were general verdicts and that the third form was a special verdict. The latter is special in that it deals with only one facet of the case; it also might be called a general verdict in that an affirmative answer disposes of the entire case. Be that as it may, if it were to be classified as a special interrogatory, as appellant would have us do, the submission of interrogatories along with general verdict forms is permissible. Ark. Stat. Ann. § 27-1741.3 (Repl. 1962).

Affirmed.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. I do not agree that the verdict returned by the jury was general and not special. A written form for a special finding on an issue which properly may be made under the pleadings and evidence is a form of special verdict. Ark. Stat. Ann. § 27-1741.2 This form differs from a special verdict on interrogatories and is an alternative thereto. While there is statutory authority for submission by the court of both general verdict forms and written interrogatories, I find no such authority for mingling a general verdict form and forms for a special finding on a particular issue or issues. Ark. Stat. Ann. § 27-1741.3.

Furthermore, I cannot agree that the form of verdict submitted was a short hand version of possible verdicts adverse to both the plaintiff on his complaint and the defendant on his counterclaim. The form submitted related to the only eventuality which would result in such a finding, *i. e.*, if negligence on the part of the parties was equal. It did not permit the jury to find that the plaintiff could not recover on his complaint because he

failed to meet the burden of proving negligence on the part of the defendant, or that the negligence of defendant proved by plaintiff, however great, was a proximate cause of plaintiff's damages, or that there was a similar failure on the part of the defendant to meet his burden of proof on his counterclaim. It only provides for a finding that the parties were equally negligent, and since it ignores the element of proximate cause, virtually invited the jury to compare negligence which was not a proximate cause with negligence which was, and gave the jury no chance to apply the court's instructions on proximate cause. The treatment given this situation by the majority indicates that there was no question of fact as to burden of proof and proximate cause, for the instructions given permitted the jury to do nothing more than compare negligence. By thus submitting the case, the court, in effect, found that one or both parties were negligent as a matter of law and that someone's negligence was a proximate cause of the damages incurred as a matter of law. The possibility of having such a situation is so remote that it does not deserve consideration.

I cannot see how it can be said that any verdict form submitted in this case could have been the basis of a general verdict. According to Ark. Stat. Ann. § 27-1741.1 "a general verdict is that by which the jury pronounces generally upon all or any of the issues, either in favor of the plaintiff or plaintiffs or the defendant or defendants." For the omission of possible findings in favor of the defendant on the complaint and in favor of the plaintiff on the cross-complaint on issues of negligence and proximate cause, I submit that the jury could not have returned a general verdict.

A special verdict, in order to be good, must contain findings on all material facts or issues, or, in other words, all the material issues must be passed upon, and a judgment rendered over objection on a special verdict which does not contain a finding either for or against all the material facts in issue should be reversed. In negligence actions where the question whether negligence was the proximate cause is at issue, a special verdict failing to find such issue is fatally defective unless

that fact appears by necessary inference from the facts found or undisputed evidence. 53 Am. Jur. 745, Trial § 1076. While Ark. Stat. Ann. § 27-1741.2 permits the determination by the court of issues not submitted when a party does not make a specific demand for such submission, these common law rules are no less applicable in determining whether the verdict forms were for general or special verdicts.

The only difference I can see in this case and *Argo* v. *Blackshear,* 242 Ark. 817, 416 S. W. 2d 314, lies in the fact that the case was there submitted on "written questions susceptible of categorical or other brief answer." Here, it was submitted in part upon an alternative form of special verdict, "written forms of the several special findings which might properly be made under the pleadings and evidence" or "such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate." Because of the limitation of issues, as above pointed out, I can see no way in which this form of verdict could possibly be considered as anything other than a special verdict. In *Argo,* we recognized that the judge's informing the jurors as to the effect of answers by a special verdict on the ultimate judgment was reversible error. We have also held that a mistrial should be granted if an attorney for one of the parties advised the jury of the effect of its finding on a particular issue. *International Harvester Co.* v. *Pike,* 249 Ark. 1026 (1971), 466 S. W. 2d 901. Because of the prestige of the judge and his function as law-giver, his advice to the jury carries much more weight than that of one all jurors recognize as merely an advocate.

For the reasons recited, I would reverse the judgment.